566 So.2d 296 (1990)
STATE of Florida, ex rel., Robert A. BUTTERWORTH, Attorney General of the State of Florida, On Behalf of the Citizens of the State of Florida, Appellant/Cross-Appellee,
v.
ANCLOTE MANOR HOSPITAL, INC., a for-Profit Florida Corporation; Walter H. Wellborn, Jr., M.D.; Arthur R. Lautz; Manuel Valles, Jr.; Robert L. Cromwell; Thomas C. Farrington, Jr.; Thomas E. McLean; James C. Trezevant, Jr.; Serge Bonanni; Lorraine Hibbs; Albert C. Jaslow, M.D.; Robert J. Van De Wetering, M.D.; Walter L. Cooper; Individually and As Directors of Anclote Psychiatric Center, Inc., a Not-for-Profit Florida Corporation, and Anclote Manor Hospital, Inc.; and Anclote Psychiatric Center, Inc., Appellees/Cross-Appellants.
No. 89-00256.
District Court of Appeal of Florida, Second District.
August 8, 1990.
*297 Robert A. Butterworth, Atty. Gen., Gerald B. Curington, Director, General Legal Services, and Louis F. Hubener, Asst. Atty. Gen., Tallahassee, for appellant/cross-appellee.
John R. Bush of Bush, Ross, Gardner, Warren & Rudy, P.A., Tampa, and Robert V. Williams of Taub & Williams, P.A., Tampa, for appellees/cross-appellants, Anclote Manor Hosp., Inc., Walter H. Wellborn, Jr., M.D., Arthur R. Lautz, Manuel Valles, Jr., Robert L. Cromwell, Thomas C. Farrington, Jr., Thomas E. McLean, James C. Trezevant, Jr., Lorraine Hibbs, Albert C. Jaslow, M.D., Robert J. Van de Wetering, M.D., Walter L. Cooper.
Paul Antinori, Jr. of Antinori & Stern, P.A., Tampa, for appellee/cross-appellant Serge Bonanni.
PER CURIAM.
The appellant, State of Florida, ex rel. Robert Butterworth, Attorney General of the State of Florida, on behalf of the citizens of the State of Florida appeals a final judgment entered in an action brought against the appellees, Anclote Manor Hospital, Inc., a for-profit Florida corporation; Walter H. Wellborn, Jr., M.D.; Arthur R. Lautz; Manuel Valles, Jr.; Robert L. Cromwell; Thomas C. Farrington, Jr.; Thomas E. McLean; James C. Trezevant, Jr.; Serge Bonanni; Lorraine Hibbs; Albert C. Jaslow, M.D.; Robert J. Van de Wetering, M.D.; Walter L. Cooper; individually and as Directors of Anclote Psychiatric Center, Inc., a not-for-profit Florida corporation, and Anclote Manor Hospital, Inc.; and Anclote Psychiatric Center, Inc. The appellees have cross-appealed. We affirm.
This dispute arose out of the sale of the assets of Anclote Psychiatric Center, Inc., a nonprofit Florida corporation which operated Anclote Manor Hospital. On May 9, 1983, the corporation sold the hospital and two undeveloped parcels of land to Anclote Manor Hospital, Inc., a for-profit corporation, for approximately $6.3 million. This corporation was formed and wholly owned by the sole directors and members of Anclote Psychiatric Center, Inc. In October 1985, Anclote Manor Hospital, Inc., sold the hospital to American Medical International for a sum in excess of $29 million.
In 1987, the State of Florida upon the relation of Robert A. Butterworth, Attorney General (attorney general), on behalf of Anclote Psychiatric Center, Inc., and the citizens of the State of Florida, filed the instant action. The attorney general alleged that the twelve defendant directors of Anclote Psychiatric Center, Inc., breached their fiduciary duty to the corporation and violated its articles of incorporation when they sold the corporation's assets to Anclote Manor Hospital, Inc., a corporation that they owned, for less than fair market value. The complaint sought damages and other equitable relief.
The trial court, prior to trial, held that the attorney general had no standing to *298 sue in a derivative capacity on behalf of Anclote Psychiatric Center, Inc., because he was not a member or stockholder of the corporation. That corporation was, accordingly, dismissed as a party plaintiff, and the action proceeded to trial under section 617.09, Florida Statutes (1983), which allows the Department of Legal Affairs to institute proceedings to revoke a corporation's charter or to prevent the corporation from being used for purposes inconsistent with its charter.
At the conclusion of a nonjury trial, the court found that the evidence did not establish any act that would invalidate the corporation's status as an exempt organization under 26 U.S.C. section 501(c)(3). The court, however, after considering conflicting evidence, found that the corporate assets of Anclote Psychiatric Center, Inc., were sold to its directors as stockholders of a for-profit corporation at less than the fair market price on May 9, 1983. Based upon this finding, the court held that the sale was not in compliance with section 607.124(1)(c), Florida Statutes (1983). The court then declined to dissolve the corporation as authorized by section 617.09 but issued an injunction prohibiting improper use of Anclote Psychiatric Center, Inc., in the future. The appellant filed a timely notice of appeal from the judgment and the subsequent order denying costs. The appellees have cross-appealed.
The trial court properly held that the attorney general had no standing to sue in a derivative capacity on behalf of Anclote Psychiatric Center, Inc., and properly dismissed the corporation as a party plaintiff. Assuming that the 1983 sale was voidable at the instance of the corporation because it violated section 607.124, Florida Statutes (1983), no creditor, officer, director, or shareholder complained of the sale or sought to have it set aside either individually or by a request that the attorney general institute an action on their behalf.
The appellees contend that the trial court erred by not finding that the attorney general had failed to prove a case against them under section 617.09. The attorney general on the other hand contends that section 617.09 granted broad authority to the attorney general to take all legal and equitable action to prevent the improper use of charitable corporations, and that the trial court erred in failing to afford appropriate equitable or legal relief by refusing to disgorge the appellees' profits. We disagree with both parties' contentions.
At all material times, section 617.09 provided:
617.09 Proceedings to revoke articles of incorporation or charter or prevent its use.  In the event any member or citizen shall complain to the Department of Legal Affairs that any corporation organized under this chapter was organized or is being used as a cover to evade any of the laws against crime, or for purposes inconsistent with those stated in its articles of incorporation or charter, and shall submit prima facie evidence to sustain such charge, together with sufficient money to cover court costs and expenses, the said department forthwith shall institute and in due course prosecute to final judgment such legal or equitable proceedings as may be considered advisable either to revoke the articles of incorporation or charter or prevent its improper use.
The law provides a remedy for the improper use of the articles of incorporation of a corporation. The court may either prevent its improper use or, if necessary, dissolve the corporation.
In this case, the Department of Legal Affairs received a complaint that the corporation was being used for purposes inconsistent with those stated in its articles of incorporation and determined that there was prima facie evidence to sustain that charge. The attorney general, therefore, upon receiving a sufficient deposit to cover court costs and expenses, had the duty to file the instant action. See Miami Retreat Foundation v. Ervin, 62 So.2d 748 (Fla. 1952); State ex rel. Landis v. S.H. Kress & Co., 155 So. 823, 155 Fla. 189 (1934).
The attorney general presented sufficient competent evidence to sustain the *299 trial court's finding that the appellees improperly used the corporation's articles of incorporation when they sold the corporation's assets in 1983 and, accordingly, had the authority to enter an injunction prohibiting them from doing so in the future. We reject the appellees' contention that the court has no authority to enter an injunction unless the improper use is being carried on at the time of the litigation. To so hold would allow a corporation to improperly use their articles of incorporation until litigation was threatened. The privilege to operate under articles of incorporation is a privilege granted by the state. The state has the right, and the attorney general has the duty, if the requirements of section 617.09 are met to see that this privilege is being properly used at all times.
The court also held that since there was no improper use of the articles of incorporation since 1983 and that since nothing had been done to invalidate the corporation's status as a section 501(c)(3) corporation because the Internal Revenue Service had accepted the transaction as it was culminated, it was not necessary to dissolve the corporation. We cannot find that the court abused its discretion by failing to apply the remedy of dissolving the corporation.
The attorney general contends that in addition to permitting the court to enjoin the improper use of articles of incorporation or revoking said articles, the statute authorizes him to recover any profits the appellees might have received from the sale of Anclote Psychiatric Center, Inc.'s assets. We disagree. Section 617.09 allows the Department of Legal Affairs to institute such legal or equitable proceedings as may be considered advisable either to revoke the articles of incorporation or charter or prevent its improper use. Such legal or equitable proceedings must, however, be appropriate as a means to accomplish the end of either preventing the improper use of the articles or revoking said articles. The statute is not directed to nor does it authorize a suit to disgorge profits by those who might choose to improperly use the grant of a corporate charter. It only provides a way to insure its proper use or to remove the grant from them.
We realize that this statute has been amended since this matter was decided by the trial court and that the statute now provides the remedy sought herein by the attorney general. Ch. 89-78, Laws of Fla. § 1. We decline to hold that the amended statute is just a restatement of the original intent set forth in the statute. Courts cannot construe an unambiguous statute in a way which would extend, modify, or limit its express terms or its reasonable and obvious implications. Holly v. Auld, 450 So.2d 217 (Fla. 1984).
Since the parties' remaining contentions are either without merit or their resolution is not necessary to reach a conclusion in this matter, we decline to discuss them.
Affirmed.
SCHOONOVER, C.J., and DANAHY and PARKER, JJ., concur.